Sinaga NATANUGRAHA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–72053.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2013.*

Filed July 31, 2013.

Gihan L. Thomas, Esquire, Law Offices
of Gihan L. Thomas, Los Angeles, CA, for
Petitioner.

Christopher Buchanan, OIL, Ilissa M.
Gould, Trial, DOJ–U.S. Department of
Justice, Washington, DC, Chief Counsel
ICE, Office of the Chief Counsel Depart-
ment of Homeland Security, San Francis-
co, CA, for Respondent.

Before: ALARCÓN, CLIFTON, and
CALLAHAN, Circuit Judges.

MEMORANDUM **

Sinaga Natanugraha, a native and citi-
zen of Indonesia, petitions for review of
the Board of Immigration Appeals'
("BIA") order dismissing his appeal from
an immigration judge's decision denying
his application for asylum, withholding of
removal, and relief under the Convention
Against Torture ("CAT"). We have juris-
diction under 8 U.S.C. § 1252. We review
for substantial evidence factual findings.

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184–
85 (9th Cir.2006). We deny the petition
for review.

Substantial evidence supports the agen-
cy's finding that Natanugraha failed to
establish past persecution on account of a
protected ground because, even considered
cumulatively, his experiences in Indonesia
do not rise to the level of persecution. *See
·Halim v. Holder*, 590 F.3d 971, 975–76 (9th
Cir.2009); *Hoxha v. Ashcroft*, 319 F.3d
1179, 1182 (9th Cir.2003) (harassment,
threats, and one beating did not compel
finding of past persecution). Further, sub-
stantial evidence supports the BIA's deter-
mination that, even under a disfavored
group analysis, Natanugraha failed to es-
tablish sufficient individualized risk of
harm to demonstrate a well-founded fear
of persecution. *See Halim*, 590 F.3d at
977–79; *Lolong v. Gonzales*, 484 F.3d
1173, 1181 (9th Cir.2007) (en banc) (indi-
vidualized risk must be "distinct from
[that] felt by all other ethnic Chinese
Christians in Indonesia"). Accordingly,
Natanugraha's asylum claim fails.

Because Natanugraha has not estab-
lished eligibility for asylum, he necessarily
cannot meet the more stringent standard
for withholding of removal. *See Zehatye*,
453 F.3d at 1190.

Finally, substantial evidence supports
the agency's denial of CAT relief because
Natanugraha failed to establish that it is
more likely than not that he will be tor-
tured if he returns to Indonesia. *See
Wakkary v. Holder*, 558 F.3d 1049, 1067–
68 (9th Cir.2009).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36-3.